**WEISS v. LOS ANGELES BROADCAST-ING CO., Inc., et al.**

No. 11373.

Circuit Court of Appeals, Ninth Circuit.

Aug. 6, 1947.

Rehearing Denied Sept. 6, 1947.

A. L. Wirin and Fred Okrand, both of Los Angeles, Cal., for appellant.

Edward D. Neuhoff, of Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS, and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a judgment which, on motion of appellees (Los Angeles Broadcasting Company, Calvin Smith and Lucille Blake), dismissed an action brought by appellant (Myra Tanner Weiss) against appellees. Grounds of the motion were that the court did not have jurisdiction over the subject matter of the action, and that the amended complaint, hereafter called the complaint, did not state a claim upon which relief could be granted.

The action was one of a civil nature, at law. The matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000. The matter in controversy and the action itself arose under a law of the United States, namely, the Federal Communications Act of 1934, 47 U.S.C.A. §§ 151–609. The Court, therefore, had jurisdiction over the subject matter of the action.[1]

The Federal Communications Act of 1934 is a law regulating commerce.[2] Therefore the Court would have had jurisdiction over the subject matter of the action even if the matter in controversy had not exceeded, exclusive of interest and costs, the sum or value of $3,000.[3]

The second question presented by this appeal—whether the complaint stated a claim upon which relief could be granted—is not disposed of by our holding that the court had jurisdiction over the subject matter of the action; for a court may have jurisdiction over the subject matter of an action though the complaint therein does not state a claim upon which relief can be granted.[4] Whether the complaint in this action stated such a claim must therefore be decided.

The complaint stated, in substance and effect, that on May 14, 1945,[5] appellee Los Angeles Broadcasting Company held a license granted by the Federal Communications Commission to own and operate a radio broadcasting station, known as KFAC, at Los Angeles, California; that appellee Smith was the Company's agent and manager; that appellee Blake was its agent and employee; that during the period from February 20, 1945, to April 3, 1945, appellant was a legally qualified candidate for the office of mayor of the City of Los Angeles; that four other persons (Fletcher Bowron, Clifford Clinton, Ira McDonald and Anthony Entenza) were candidates for that office; that in March, 1945, appellant made an oral contract with appellees whereby, to further her candidacy, she purchased from the Company radio time for broadcasting, by means of station KFAC, four speeches of 15 minutes each on March 11, 1945, March 18, 1945, March 25, 1945, and April 1, 1945, respectively; that, for the time so purchased, she paid the Company $108; that the first three speeches were broadcast as scheduled; that on March 31, 1945, appellees censored the speech scheduled for April 1, 1945, deleted therefrom certain portions thereof,[6] refused to per-

---

[1] See § 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1).

[2] See §§ 1, 2 and 301 of the Act, 47 U.S.C.A. §§ 151, 152, 301; National Broadcasting Co. v. United States, 319 U.S. 190, 63 S.Ct. 997, 87 L.Ed. 1344; Regents of New Mexico College of Agriculture & Mechanic Arts v. Albuquerque Broadcasting Co., 10 Cir., 158 F.2d 900.

[3] See § 24(8) of the Judicial Code, 28 U.S.C.A. § 41(8), and the last sentence of § 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1).

[4] Wiley v. Sinkler, 179 U.S. 58, 21 S.Ct. 17, 45 L.Ed. 84; Swafford v. Templeton, 185 U.S. 487, 22 S.Ct. 783, 46 L.Ed. 1005; Binderup v. Pathe Exchange, 263 U.S. 291, 44 S.Ct. 96, 68 L.Ed. 308; Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939.

[5] The date of the original complaint. See Rule 15(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

[6] A copy of this speech was attached to and made part of the complaint. The deleted portions were set out separately in the complaint.

mit appellant to broadcast the deleted portions and prevented her from doing so; and that appellees thereby violated § 315 of the Federal Communications Act of 1934, 47 U.S.C.A. § 315, and damaged appellant in the sum of $4,000. Judgment was prayed for $4,000 as actual damages and $1,000 as punitive or exemplary damages.

The statement that appellees violated § 315 was a mere statement of a conclusion. To determine whether the stated facts warranted the conclusion, we examine § 315. It reads as follows:

"If any licensee shall permit any person who is a legally qualified candidate for any public office to use a broadcasting station, [7] he shall afford equal opportunities to all other such candidates for that office in the use of such broadcasting station, and the Commission shall make rules and regulations to carry this provision into effect: [8] Provided, That such licensee shall have no power of censorship over the material broadcast under the provisions of this section. No obligation is hereby imposed upon any licensee to allow the use of its station by any such candidate."

■ Appellant contends that appellees, if they did the acts which the complaint said they did on March 31, 1945, violated two provisions of § 315—the provision that "If any licensee shall permit any person who is a legally qualified candidate for any public office to use a broadcasting station, he shall afford equal opportunities to all other such candidates for that office in the use of such broadcasting station," and the provision that "such licensee shall have no power of censorship over the material broadcast under the provisions of this section."

These provisions are aimed at licensees only and can be violated only by licensees. It appeared from the complaint that the Company was a licensee on May 14, 1945, but it did not appear that the Company was a licensee on March 31, 1945, when the acts complained of were said to have been done, or at any time prior to May 14, 1945. It did not appear that Smith or Blake was ever a licensee.

These provisions are applicable when, and only when, there are two or more legally qualified candidates for the same public office, and a licensee has permitted one such candidate for that office to use a broadcasting station, and another such candidate for that office seeks equal opportunities in the use of such station. It appeared from the complaint that during the period from February 20, 1945, to April 3, 1945, appellant was a legally qualified candidate for the office of mayor of the City of Los Angeles, but it did not appear that there was any other legally qualified candidate for that office. It appeared that Bowron, Clinton, McDonald and Entenza were candidates for that office, but it did not appear that any of them was a legally qualified candidate.

■ It appeared from the complaint that the Company permitted appellant to use a broadcasting station, namely, station KFAC, but it did not appear that the Company permitted Bowron, Clinton, McDonald or Entenza to use the station. It appeared that the Company permitted Bowron, Clinton and McDonald or their "sponsors" to use the "facilities" of the station, [9] but § 315 says nothing about "sponsors" or "facilities."

It appeared from the complaint that opportunities in the use of station KFAC were afforded to appellant, but it did not appear that any opportunity in the use of the station was afforded to Bowron, Clinton, McDonald or Entenza. It therefore did not and could not appear that appellant sought, or was denied, opportunities in the use of the station equal to those afforded to Bowron, Clinton, McDonald or Entenza.

■ The provision of § 315 relating to

[7] For definitions of "licensee," "person," "broadcasting" and "station," see § 3 of the Act, 47 U.S.C.A. § 153.

[8] Rules made under § 315 are found in 47 CFR, Cum.Supp., §§ 3.421 to 3.424. They shed no light on the question we are considering.

[9] The complaint stated that appellees "permitted the use of the facilities of said radio station KFAC to other candidates for political offices in said City of Los Angeles or sponsors of said candidates as follows: For Mayor: Mayor Fletcher Bowron, Clifford Clinton, Ira McDonald."

censorship applies only to "material broadcast under the provisions of this section." It appeared from the complaint that, after being censored on March 31, 1945, the speech scheduled for April 1, 1945, was broadcast as scheduled, deleted portions being omitted, but it did not appear that the speech was broadcast under the provisions of § 315.

For all these reasons, we hold that the complaint did not state facts warranting the conclusion that § 315 was violated by appellees or any of them, and did not state a claim upon which relief could be granted.

Other reasons for so holding have been suggested—that one of the deleted portions of the censored speech was libelous, and that the others related, not to the candidacy of appellant or any other person for the office of mayor of the City of Los Angeles, but to the candidacy of Charlotta Bass for another office. In view of the conclusions reached by us, these matters need not be considered.

The court below correctly held that the complaint did not state a claim upon which relief could be granted. It incorrectly held, and stated in the judgment, that "it affirmatively appears from the face of [the complaint] that this court does not have any jurisdiction over the subject matter."

The judgment is modified by striking out this statement and, as thus modified, is affirmed.