**MASSACHUSETTS UNIVERSALIST CON-
VENTION v. HILDRETH &
ROGERS CO.**

**Civ. No. 8472.**

United States District Court
D. Massachusetts.

Dec. 22, 1949.

Mayo Adams Shattuck, A. Ingham Bicknell, Hausserman, Davison & Shattuck, Boston, Mass., for plaintiff.

James A. Donovan, Lawrence, Mass., James Lawrence Fly, New York City, for defendant.

FORD, District Judge.

Plaintiff, a Massachusetts charitable corporation devoted to the diffusion of religious knowledge, brings this action for damages and an injunction against defendant, a Massachusetts corporation, engaged in the radio broadcasting business and duly licensed to operate a radio broadcasting station in Lawrence, Massachusetts, with the call letters WLAW.

The complaint alleges that the action arises under the Federal Communications Act of 1934, 47 U.S.C.A. § 151 et seq. It sets forth a contract under which defendant was to furnish its broadcasting facilities for a series of sermons prepared by plaintiff, the contract providing in paragraph 6(b) that "Broadcasts prepared by the agency are subject to the approval of the station both as to artists and to broadcast content." It is further alleged that pursuant to the contract plaintiff submitted to defendant the manuscript of one of these sermons to be given on Easter Sunday, April 17, 1949. This sermon expressed what is presumably the Universalist doctrine which does not accept the Resurrection of Christ as a physical and historical fact, but gives to the story of the Resurrection a purely metaphorical or spiritual significance. Plaintiff alleges that defendant refused to provide facilities for broadcasting this sermon, and that defendant in justification of its action claimed that the broadcast of this sermon on that particular day would, by reason of the religious views expressed, be shocking to general public sensibility, and that, therefore, the broadcasting of it would be a violation of defendant's duty under the Federal Communications Act to operate its station in the public interest. Plaintiff asks damages for the injury suffered by it and an order requiring defendant to provide facilities for the broadcast of the sermon on next Easter Sunday. Defendant has moved to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

■ It is clear that the complaint is not intended merely to assert a common law cause of action for breach of contract, over which this court would have no jurisdiction, since diversity of citizenship is not present here. Nor does it rely solely on the fact that the defendant may raise a defense to the action based on defendant's duty under the Federal Communications Act. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70. The claim made by the plaintiff is clearly predicated on the theory that, once its contract has been made, it has a positive right, arising under the Federal Communications Act and enforceable in this court, to have its sermon broadcast by the defendant. Whether or not the plaintiff's contention is correct, the complaint does squarely raise a question on the merits, the solution of which depends on the proper interpretation to be given a federal law. When such a question is thus raised by the complaint, and is not insubstantial and frivolous, nor immaterial and merely raised for the purpose of obtaining jurisdiction, then this court has jurisdiction over the action. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939. The complaint contains no allegation as to the amount in controversy, but this is not necessary since the case is one arising under a law regulating commerce. 28 U.S.C.A. § 1337. Weiss v. Los Angeles Broadcasting Co., 9 Cir., 163 F.2d 313, 314.

There remains the question of whether the complaint states a claim on which relief can be granted. Plaintiff's contention is that under the Communications Act the business of radio broadcasting is affected with a public interest and that, in consequence, contracts between the owner of a broadcasting station and persons seeking to broadcast are likewise affected with a public interest. Therefore, plaintiff urges that the Communications Act, in imposing on licensees a duty to broadcast in the public interest, by implication, confers on those contracting for broadcasting time a right, notwithstanding any contractual provisions for rejection of programs, to have their material broadcast except when the content of the broadcast is not in the pub-

lic interest. This right, it is argued, is enforceable by an action in this court and it is for the court to decide whether or not a rejected program is in the public interest.

■ Such an interpretation of the Communications Act must be rejected. Certainly the Act does not expressly confer on anyone any right to broadcast any material at any time, whether or not it has a contract for such a broadcast. Nor does there seem to be any basis for an implication of such a right. There is nothing in the Act to indicate that the mere fact that one party to the contract is a licensee under the Act gives to the other contracting party any greater rights than those which the law ordinarily gives to parties to a contract.

■ It is true that licensees under the Act have a duty to operate their stations so as to serve the public interest. "The licensee has the duty of determining what programs shall be broadcast over his station's facilities, and cannot lawfully delegate this duty or transfer the control of his station directly to the network or indirectly to an advertising agency. He cannot lawfully bind himself to accept programs in every case where he cannot sustain the burden of proof that he has a better program. The licensee is obliged to reserve to himself the final decision as to what programs will best serve the public interest. We conclude that a licensee is not fulfilling his obligations to operate in the public interest, and is not operating in accordance with the express requirements of the Communications Act, if he agrees to accept programs on any basis other than his own reasonable decision that the programs are satisfactory." Federal Communications Commission Report on Chain Broadcasting, May 2, 1941, quoted in National Broadcasting Co. v. United States, 319 U.S. 190, 205, 63 S.Ct. 997, 87 L.Ed. 1344.

■ This freedom of the licensee to determine what programs his station shall broadcast is not, of course, an absolute and unfettered one. The exercise of the right is subject to review by the administrative agency, the Federal Communica-

tions Commission. At least once every three years the Commission must determine whether a renewal of the license is in the public interest, 47 U.S.C.A. § 307, and it may review the action of the licensee in selecting programs at any time in proceedings under 47 U.S.C.A. § 312. Albuquerque Broadcasting Co. v. Regents of New Mexico College of Agriculture and Mechanic Arts, D.C., 70 F.Supp. 198, 202. The enforcement of the Act and the development of the concept of public interest under the Act are thus entrusted primarily to an administrative agency. The only function of the courts in the enforcement of the Act is the exercise of the right to enforce or review orders of the Commission under Sections 401 and 402 of the Act. McIntire v. Wm. Penn Broadcasting Co. of Philadelphia, 3 Cir., 151 F.2d 597.

In the light of the scheme of enforcement by means of an administrative agency which Congress has chosen to select, it cannot be held that Congress intended to create by implication additional rights such as those for which plaintiff contends. "The Communications Act is not designed primarily as a new code for the adjustment of conflicting private rights through adjudication. Rather it expresses a desire on the part of Congress to maintain, through appropriate administrative control, a grip on the dynamic aspects of radio transmission." Federal Communications Commission v. Pottsville Broadcasting Co., 309 U.S. 134, 138, 60 S.Ct. 437, 439, 84 L.Ed. 656. The enforcement of the Act by the Commission would be hindered rather than aided if the plaintiff's contentions were correct. The problem of defining the "public interest" under the Act is one appropriately left to the Commission rather than in the first instance to the courts, for it is one which is complicated by problems peculiar to the radio industry. The number of channels available for radio

broadcasting is limited by technical considerations. Hence, the question of determining what is in the public interest is not simply one of deciding whether any given broadcast is or is not in the public interest in the absolute sense. It is rather a question of whether the allocation of the available facilities at any given time and under any given circumstances is more conducive to the public interest than some other possible allocation. To hold that the Act was intended to create any vested rights in the making of any broadcast and to make such rights enforceable in the courts would limit the freedom of action of the Commission and thus defeat the successful operation of administrative enforcement.

Plaintiff has argued that on the allegations of the complaint, it has a cause of action for the violation of its right to freedom of speech and freedom of religion under the First Amendment to the Constitution. But this Amendment limits only the action of Congress or of agencies of the federal government and not private corporations such as defendant here. McIntire v. Wm. Penn Broadcasting Co. of Philadelphia, supra, 151 F.2d at page 601.

Therefore, the conclusion must be that the complaint sets forth no claim under the Federal Constitution or laws upon which relief can be granted. Where such a decision disposes, at the outset of the case, of the federal ground upon which jurisdiction is based, it is proper to dismiss the case as a whole, without determining whether the complaint states a common law cause of action over which the court would have jurisdiction only by virtue of the fact that it was involved with a claim of federal right which has been determined to be unfounded. Concurring opinion of Magruder, Ch. J., in Strachman v. Palmer, October 26, 1949, 1 Cir., 177 F.2d 427.

Defendant's motion to dismiss is allowed.