Jacob J. GORDON, Plaintiff,

v.

NATIONAL BROADCASTING COMPANY, Inc., Defendant.

No. 68 Civ. 1513.

United States District Court
S. D. New York.

Aug. 2, 1968.

Jacob J. Gordon, pro se.

Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, for defendant; by Lawrence J. McKay, Douglas E. Cutler, and Lawrence C. Browne, New York City, of counsel.

## OPINION

POLLACK, District Judge.

The defendant, National Broadcasting Company, Inc., moves for dismissal of the complaint for failure to set forth the basis of this Court's jurisdiction (F.R. Civ.P. 8 [a]); lack of subject matter jurisdiction (F.R.Civ.P. 12 [b] [1]); and failure to state a claim upon which relief can be granted (F.R.Civ.P. 12 [b] [6]). Alternatively, defendant seeks an

order pursuant to F.R.Civ.P. 12 (f) striking certain allegations in the complaint.

The complaint alleges that the plaintiff is a "certified candidate" for the Presidency of the United States, that the defendant, "in violation of its privilege [to utilize the airwaves of these United States] is engaged in a * * * plot to control * * * elections * * * [and] has imposed a * * * news blackout on * * * Plaintiff's activities as a * * * candidate * * *" in violation of the law.

The plaintiff further alleges that the defendant controls the Federal Communications Commission; that the defendant's imposition of the news blackout has adversely affected the election for the office of the Presidency, denying to the people of the United States knowledge of the plaintiff's platform, causing damage to the nation, the death of thousands of soldiers in Vietnam, and billions of dollars in worthless defense expenditures, as well as irreparable loss of national prestige. The plaintiff seeks an immediate hearing, injunctive relief against defendant's alleged news blackout of his candidacy, "all time due him and illegally withheld", "nominal" damages of $1,000,000. and punitive damages in the amount of $1,000,000,000.

1. *Failure to allege grounds for subject matter jurisdiction:*

■ Rule 8(a) of the Federal Rules of Civil Procedure requires that:

"A pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends * * *."

Failure to comply with this requirement results in dismissal of the complaint, unless the defect is corrected by amendment. 1A Barron & Holtzhoff, Federal Practice & Procedure § 254 (1960); Battaglia v. General Motors Corp., 169 F.2d 254 (2d Cir. 1948).

Whether or not this Court has subject matter jurisdiction of this action, the complaint contains no "short and plain statement" of the grounds thereof as is contemplated by Rule 8(a).

2. *Subject matter jurisdiction:*

■ The defendant asserts that the allegations of the complaint contain no claim as to which subject matter jurisdiction has been conferred on the United States District Courts, 28 U.S.C. §§ 1331–1361, and that the complaint must therefore be dismissed pursuant to F.R. Civ.P. 12(b) (1).

The plaintiff seeks to lift a blackout allegedly imposed upon him by the defendant; he also seeks nominal and punitive damages and the payment of "equal time". He asserts that he is entitled to that relief because the defendant has abused its privilege to use the public airways, and has acted in violation of the law.

Since the control of the national airwaves is a matter of federal statutory and administrative law, it cannot be said that federal subject matter jurisdiction is lacking in the allegations of the complaint. It remains to be determined, however, whether in the exercise of its jurisdiction this Court should find that the plaintiff has asserted a claim upon which relief can be granted to him.

3. *Failure to assert a claim upon which relief can be granted:*

The defendant contends, first, that as to so much of the complaint which recites damages to the United States and to its citizens, the plaintiff is without standing to assert a claim; second, that if the plaintiff seeks equal time pursuant to § 315 of the Federal Communications Act, he must first seek redress in the Federal Communications Commission; and third, that the Federal Communications Act was not intended to and does not give rise to a private right of action in the District Courts.

■ Close scrutiny of the complaint reveals that most of the damage alleged to have been caused as a result of the defendant's alleged blackout, is claimed to have been suffered by the United States as a whole, rather than by the individual plaintiff, and it is clear that

the plaintiff has no standing in this Court to assert such claims. Massachusetts v. Mellon, 262 U.S. 447, 486–489, 43 S.Ct. 597, 67 L.Ed. 1078 (1923).

Section 315(a) of the Communications Act of 1934 (47 U.S.C. § 315 [a]) provides that if a broadcast licensee, such as the defendant, allows one legally qualified candidate for public office the use of its broadcast facilities, the licensee must then afford "equal opportunities" to all other "legally qualified candidates" for that office.

The complaint contains no allegation that the defendant is an F.C.C. licensee, that a candidate within the meaning of § 315(a) has been given permission to use the facilities of the defendant, that the plaintiff has formally requested and been denied equal time, or that the plaintiff is a "legally qualified candidate" within the meaning of the Act.

Further, the complaint is fatally defective in that it fails to allege that the plaintiff has availed himself of the primary and exclusive jurisdiction of the Federal Communications Commission with respect to this claim. The Commission is the proper forum before which to institute proceedings concerning alleged violations of the Communications Act. Nelson v. Leighton, 82 F. Supp. 661 (N.D.N.Y.1949). The function of the Court is to review or enforce orders of the Commission. Massachusetts Universalist Convention v. Hildreth & Rogers Co., 87 F.Supp. 822 (D.C. Mass.1949), aff'd. 183 F.2d 497 (1st Cir. 1950).

At all events, the Federal Communications Act does not afford persons in the position of the plaintiff a private right of action based upon alleged violations of its provisions.

In Daly v. West Central Broadcasting Co., 201 F.Supp. 238 (S.D.Ill.N.D.1962), aff'd. sub nom. Daly v. Columbia Broadcasting System, Inc., 309 F.2d 83, (7th Cir. 1962), plaintiff sued for violation of the "equal opportunities" provision of § 315(a) at issue here, alleging that both he and then President Eisenhower were candidates for the nomination of the Republican Party in 1956. As here, the plaintiff sought compensatory and punitive damages. The District Court held that:

"* * * the complaint must be dismissed for the reason that the Act provides no statutory basis for this private cause of action * * *

"In addition to the provisions for administrative enforcement of the Act, Sections 501 and 502 provide for penal sanctions against persons who wilfully violate the Act or regulations lawfully promulgated by the FCC pursuant thereto. 47 U.S.C.A. §§ 501, 502. But no provision of the Act creates, either by expression or necessary implication, any private right of action which is cognizable, in the first instance, by the district courts.

"In the absence of congressional expression of intent to the contrary, the power granted to the FCC to enforce the Act and to regulate broadcasting and the power of enforcement by penal sanctions are conclusive. * * *" 201 F.Supp. at 240–241.

In affirming, the Seventh Circuit Court of Appeals stated that:

"There is no provision in Sec. 315(a), or in any other part of the Act, which gives a private individual a cause of action to recover damages for an alleged violation of the Act." (309 F.2d 83, 85).

See also Massachusetts Universalist Convention v. Hildreth & Rogers Co., supra, and Scripps-Howard Radio, Inc. v. F. C. C., 316 U.S. 4, 14, 62 S.Ct. 875, at 882, 86 L.Ed. 1229 (1942), in which the Supreme Court stated that the "Communications Act of 1934 did not create new private rights. The purpose of the Act was to protect the public interest in communications. * * *"

As to matters hinted at in the complaint, e. g., control of the Federal Communications Commission by the defendant, which are not expressly preempted by the Communications Act and outside the realm of private causes

of action, the complaint lacks specificity and substance. Such allegations are overly vague, indefinite and conclusory. Whether or not they touch upon matters of federal law not covered by the Act, they fail, with sufficient specificity, to set forth a claim upon which relief can be granted. Plaintiff's allegations of a "news blackout" without more are insufficient to support a claim for relief. McIntire v. William Penn Broadcasting Co. of Philadelphia, 151 F.2d 597, 601 (3d Cir. 1945), cert. den. 327 U.S. 779, 66 S.Ct. 530, 90 L.Ed. 1007 (1946). See also, 47 C.F.R. § 73.120(b) (1967).

Accordingly, the complaint is dismissed with costs.