Steven A. POST, individually, and Mark L. Indig, Kent V. Moston, Melvin L. Rosen, Spencer Green, Richard M. Ross, Patricia Baltimore, Ralph Knopf, Lawrence F. Spoler, Barry P. Zwillinger, suing on behalf of themselves and all persons similarly situated, Plaintiffs,

v.

Robert L. PAYTON et al., Defendants.

No. 70–C–1499.

United States District Court,
E. D. New York.

Jan. 20, 1971.

William M. Kunstler, Center for Constitutional Rights, New York City, Steven J. Hyman, Nassau County Civil Liberties Union, Great Neck, N. Y., for plaintiffs, Steven A. Post, individually, and others.

Emile Z. Berman and A. Harold Frost, New York City, for defendants Payton, Mates, Scanlan and McGrath; Morton H. Feder, Sheila L. Birnbaum, New York City, of counsel.

BARTELS, District Judge.

C. W. Post Center, a division of Long Island University, operates two radio stations, one a non-commercial educational radio station WCWP-FM, licensed by the Federal Communications Commission (Commission), and the other a non-licensed carrier current radio station WCWP-AM. On November 30, 1970 the defendants closed both stations and discharged Steven A. Post, the director of the stations, because of alleged obscenities broadcast during the airing on November 13th and November 27th, 1970, of a program entitled "Satiricon—or a Tree Grows in Brookville"

and the threat such broadcast posed to the station's license.

From this action the plaintiffs seek immediate relief in the nature of a permanent injunction against the closing of the radio stations, a declaratory judgment declaring the defendants' actions unconstitutional, damages in the amount of $113,000 in favor of the director of the radio stations by virtue of his summary discharge and, pending the determination of the ultimate issues, a temporary restraining order and preliminary injunction directing the defendants to promptly resume broadcast operations and restore said stations to their normal operating schedules.

The plaintiffs are Steven A. Post, certain members of the radio staff, student listeners, faculty listeners and community listeners, who, except for Post, bring this action as a class action on behalf of themselves and those similarly situated. The defendants are the president of C. W. Post Center, the dean of the Fine Arts Division at C. W. Post Center, the chairman of the Drama Department at C. W. Post Center, and the chairman and members of the board of trustees of the Long Island University, who are accused of concerted action in suspending the broadcast operations of the radio stations and discharging the director.

Plaintiffs allege that the actions of the defendants violate their right of free speech under the First and Fourteenth Amendments to the Constitution, constitute a prior restraint on the exercise of such rights, violate their rights to equal protection of the laws, "chill" the exercise of their rights of free speech, association and assembly, and damage the reputation of plaintiff Post in the amount of $100,000 and deprive him of his salary in the amount of $13,000.

Jurisdiction is invoked pursuant to 47 U.S.C. Chap. 5 (Communications Act of 1934); 28 U.S.C. §§ 1331, 1337, 1343(3)

and (4), 2201–2202, 2281 and 2284; 42 U.S.C. § 1981 *et seq.*, and the Constitution of the United States and, more particularly, the First and Fourteenth Amendments thereto. The amount in controversy is alleged to exceed $10,000.

With the filing of the complaint plaintiffs moved for a temporary restraining order, and the defendants countermoved pursuant to Rule 12(b) (1) and (6), Fed.R.Civ.Proc., 28 U.S.C., to dismiss the complaint for lack of jurisdiction over the subject-matter and for failure to state a claim upon which relief can be granted.

Having denied plaintiffs' motion for a temporary restraining order for reasons stated in its memorandum of December 29, 1970, the court turns to an examination of the complaint pursuant to the defendants' motion to dismiss.

### Federal Communications Act

■ The complaint, as amended, asserts jurisdiction under 28 U.S.C. § 1337 [1] by reason of a violation of the Communications Act of 1934 (Act). There is little question that this court has such jurisdiction. Weiss v. Los Angeles Broadcasting Co., 163 F.2d 313 (9th Cir. 1947), cert. denied, 333 U.S. 876, 68 S.Ct. 895, 92 L.Ed. 1152 (1948); Ackerman v. Columbia Broadcasting System, Inc., 301 F.Supp. 628 (S.D.N.Y. 1969); Massachusetts Universalist Convention v. Hildreth & Rogers Co., 87 F. Supp. 822 (D.Mass.1949), aff'd, 183 F. 2d 497 (1st Cir. 1950). See Murphy v. Colonial Federal Savings and Loan Association, 388 F.2d 609 (2d Cir. 1967).

■ While a jurisdictional basis has been thus alleged, the complaint fails to set forth any specific provision of the Act which has been violated by the defendants. Section 312(a) and (b) of the Act, although not mentioned by the plaintiffs, provides that the Commission may revoke the license of any broadcaster who wilfully and repeatedly

[1]. 28 U.S.C. § 1337 reads as follows:
"The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

fails to operate his station substantially as set forth in his license or, in the alternative, order him to cease and desist from such action. Assuming that one could spell out from the complaint a violation of the Act by the failure of the defendant-trustees to comply with the terms and conditions set forth in their license, the remedy would nevertheless lie with the Commission and not in the district courts. But plaintiffs make no pretense that they sought relief from the Commission or that they have been prevented from so doing by lack of standing. It is clear that the Act created no new private rights nor afforded persons in plaintiffs' position a right to institute an action in the district courts (Scripps-Howard Radio v. Federal Communications Commission, 316 U.S. 4, 14, 62 S.Ct. 875, 86 L.Ed. 1229 (1942); Ackerman v. Columbia Broadcasting System, Inc., *supra;* Daly v. Columbia Broadcasting System, Inc., 309 F.2d 83, 86 (7th Cir. 1962)), the Commission being charged with its enforcement and providing the exclusive forum in which alleged violations may be vindicated. Gordon v. National Broadcasting Company, 287 F.Supp. 452 (S.D.N.Y.1968); Nelson v. Leighton, 82 F.Supp. 661 (N.D.N.Y.1949).

Consequently, the complaint fails to set forth a claim upon which relief can be granted under the Act.

### Civil Rights Act

 Plaintiffs also invoke as a jurisdictional basis for this action 28 U.S. C. § 1343(3) and (4). Subsection (3) confers jurisdiction upon the court in actions to redress the deprivation under color of State law of any right, privilege, or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights. Subdivision (4) confers jurisdiction for private actions under any act of Congress providing for the protection of civil rights, including the right to vote. Plaintiffs assert that the defendants have deprived them of their constitutional rights under 42 U.S.C. §§ 1983,

1985, 1986 and 1988, which sections will be considered seriatim. Section 1983 authorizes a civil action against any person who under color of State law deprives another of any rights, privileges, or immunities secured by the Constitution and laws. The complaint, however, does not allege that the defendants acted under color of State law nor, upon analysis, can we find any factual allegations which would justify an inference that the defendants, in committing the acts complained of, acted under color of State law. The pertinent portion of Section 1985 provides a remedy for persons injured by a conspiracy to deprive them of equal protection of the laws. This provision has been interpreted by the cases to require a showing of State action or action under color of State law. Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951); Griffin v. Breckenridge, 410 F.2d 817 (5th Cir. 1969), cert. granted, 397 U.S. 1074, 90 S.Ct. 1525, 25 L.Ed.2d 808 (1970); Ackerman v. Columbia Broadcasting System, Inc., *supra.* What the plaintiffs attempt unsuccessfully to allege is "Federal action" and not "State action". Furthermore, in order to succeed under Section 1985, plaintiffs must do more than allege vague and conclusory allegations respecting the existence of a conspiracy. They must allege with some degree of particularity overt acts and a deprivation of equal protection arising from an intentional and purposeful discrimination. Powell v. Workmen's Compensation Board of the State of New York, 327 F.2d 131 (2d Cir. 1964). This they have failed to do. Section 1986 is a derivative of Section 1985 and provides a remedy for persons injured by the neglect or refusal of those having power to do so to prevent the wrongs specified in Section 1985. Having failed to state a claim under Section 1985, it follows that plaintiffs assert no ground for relief under Section 1986. See Huey v. Barloga, 277 F.Supp. 864 (N.D.Ill.E. D.1967). Section 1988 authorizes in civil rights cases resort to the remedies and procedures of the common law where

those of federal law are inadequate. This section does not create an independent cause of action. See In re Stupp, 23 F.Cas. 296 (No. 13,563) (C.C. S.D.N.Y.1875); Schatte v. International Alliance of Theatrical Stage Employees and Moving Picture Operators of United States and Canada, 70 F.Supp. 1008 (S. D.Calif.C.D.1947), affirmed per curiam, 165 F.2d 216 (9th Cir. 1948), cert. denied, 334 U.S. 812, 68 S.Ct. 1018, 92 L. Ed. 1743 (1948).

 There is nothing in the complaint which would justify recovery under the above sections of Title 42, U.S.C.

### Constitutional Claims

 The main thrust of the complaint is apparently the plaintiff-listeners' claim that they have been denied their First and Fourteenth Amendment rights to receive information and ideas under the principles of Lamont v. Postmaster General, 381 U.S. 301, 85 S.Ct. 1493, 14 L.Ed.2d 398 (1965), and Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969). In support of this claim plaintiffs contend, in addition to the above-mentioned statutes, that 28 U.S.C. § 1331(a) affords the requisite jurisdictional basis. There are two reasons, however, why their claim must fall.

First, the plaintiffs have failed to state a claim which requires vindication under the First or Fourteenth Amendment. Before the plaintiffs may recover for an alleged violation of these Amendments, they must show that the defendants' conduct was equivalent to either State or Federal action. The complaint does not allege, nor does it otherwise appear from the facts pleaded, that the State is in any way involved in the affairs of C. W. Post Center, much less that the State has so insinuated itself into a position of interdependence with the Center that the actions of the trustees thereof become "State action." Compare, Burton v. Wilmington Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). The essence of plaintiffs' argument is that the Federal Government, through the Commission, by licensing WCWP-FM under the Act, has vested the licensee with a "public trust", which transforms the action of the licensee into Federal governmental action for First Amendment purposes.[2] The only decisions directly in point upon the subject reach a contrary conclusion.[3] McIntire v. Wm. Penn Broadcasting Co. of Philadelphia, 151 F.2d 597 (3d Cir. 1945), cert. denied, 327 U.S. 779, 66 S. Ct. 530, 90 L.Ed. 1007 (1946); Massachusetts Universalist Convention v. Hildreth & Rogers Co., supra. Plaintiffs' reliance upon Red Lion Broadcasting Co., Inc. v. Federal Communications Commission, 395 U.S. 367, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969), is misplaced. In that case the Supreme Court did not hold that the licensee's actions were governmental action. It merely ruled that a broadcast licensee's First Amendment rights were not abridged by Congress or the Commission by the application of the latter's "fairness doctrine" or the regulations and orders promulgated thereunder.

Plaintiffs suggest that the present case is analogous to a situation in which the United States Post Office were to license a private person to deliver the mail and such person subsequently refused to deliver certain items. Assuming, arguendo, that such action would be deemed unconstitutional governmental action under the rationale of Lamont v. Postmaster General, supra, the analogy fails. Here the broadcast licensee is a private entity, acting neither in behalf of, nor as agents for, the Federal government, nor is the licensee performing a governmental function, such as delivery of the mails. The Govern-

---

2. WCWP-AM is admittedly not licensed by the Federal Communications Commission and accordingly presents no claim that its closing is tantamount to Federal governmental action.

3. Judge Weinfeld in deciding Ackerman v. Columbia Broadcasting System, Inc., supra, assumed, arguendo only, that such conduct partook of "public action".

ment is not charged with the duty of broadcasting or formulating the program of any particular radio station. In fact, the Communications Act of 1934 exclusively reserves station programming to the licensee, free of any censorship by the Commission. 47 U.S.C. § 326; McIntire v. Wm. Penn Broadcasting Co. of Philadelphia, *supra*; Massachusetts Universalist Convention v. Hildreth & Rogers Co., *supra*. It is only governmental action which can violate the First and Fourteenth Amendments, as held, for example, in The Civil Rights Cases, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883). To hold that the licensing by the Federal Government of a broadcast frequency endows the recipient with the quality of an agency of the Federal Government would be an unreasonable interpretation of governmental action.

■ Second, Section 1331(a) requires that the matter in controversy exceed the sum or value of $10,000. The complaint contains only the bare allegation that the amount in controversy exceeds $10,000. However, once that allegation is challenged, the burden is on the plaintiffs to demonstrate that the value of the right which they seek to protect exceeds the jurisdictional minimum. Hague v. Committee for Industrial Organization, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); KVOS, Inc. v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183 (1936); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L. Ed. 1135 (1936); Murphy v. Colonial Federal Savings & Loan Association, *supra*, 388 F.2d at 614, fn. 6. Plaintiffs argue that they need not make any such showing until the trial on the merits. But where preliminary injunctive relief is sought, and the bare jurisdictional allegation has been called into question, the requisite showing must be made prior to a consideration of the prayer for preliminary injunctive relief. KVOS, Inc. v. Associated Press, *supra*. Plaintiffs have made no effort to establish that the jurisdictional minimum is satisfied here. The reason for such fail-

ure seems to be obvious, for the right which plaintiff-listeners seek to be protected is one which is inherently incapable of monetary valuation. However unwise the $10,000 requirement may seem to be in establishing federal question jurisdiction, it nevertheless remains in the statute and we find no exception based upon the reason that the alleged damages may be incapable of measurement. Goldsmith v. Sutherland, 426 F.2d 1395 (6th Cir. 1970); Giancana v. Johnson, 335 F.2d 366 (7th Cir. 1964), cert. denied, 379 U.S. 1001, 85 S.Ct. 718, 13 L. Ed.2d 702 (1965); Carroll v. Somervell, 116 F.2d 918 (2d Cir. 1941); Boyd v. Clark, 287 F.Supp. 561 (S.D.N.Y.1968), affirmed, without reaching the jurisdictional question, 393 U.S. 316, 89 S.Ct. 553, 21 L.Ed.2d 511 (1969); Ackerman v. Columbia Broadcasting System, Inc., *supra*. Clearly, jurisdiction under Section 1331(a) has not been established.

### Damage Claim of Steven A. Post

■ Steven A. Post, the former director of WCWP-FM, seeks damages of $113,000 arising out of his discharge by defendants. To the extent that the claim is predicated upon breach of contract and injury to reputation, this court, absent diversity of citizenship, has no jurisdiction to consider the claim. Insofar as the claim is predicated upon a violation of Post's First Amendment right to speak, the court has subject-matter jurisdiction under 28 U.S.C. § 1331 (Bell v. Hood, 327 U.S. 678, 66 S. Ct. 773, 90 L.Ed. 939 (1946)), but cannot grant relief since no claim for damages may be predicated directly upon a violation of a constitutional right. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 409 F. 2d 718 (2d Cir. 1969), cert. granted, 399 U.S. 905, 90 S.Ct. 2203, 26 L.Ed.2d 559 (1970).

The other jurisdictional claims are obviously without merit and require no further discussion.

In view of the foregoing, the defendants' motion is granted and the complaint is hereby dismissed. So ordered.