Robert E. DAVIDSON, Plaintiff,

v.

Sgt. Elmer R. KANE, Washington National Airport Police Force, and Federal Aviation Administration, Defendants.

Samuel O. AKINMURELE, Plaintiff,

v.

James McRAE, Washington National Airport Police Force, and Federal Aviation Administration, Defendants.

Civ. A. Nos. 278–71–A, 325–71–A.

United States District Court,
E. D. Virginia,
Alexandria Division.

Jan. 19, 1972.

Robert M. Alexander, Arlington, Va., James Stafford, of Evans, Dolphin, Stafford & Webber, Washington, D. C., for plaintiff Davidson.

Robert M. Alexander, Arlington, Va., Edwin C. Brown, Sr., Alexandria, Va., for plaintiff Akinmurele.

Brian P. Gettings, U. S. Atty., Joseph A. Fisher and James Tate, Asst. U. S. Attys., Alexandria, Va., for defendants.

## MEMORANDUM OPINION

ALBERT V. BRYAN, Jr., District Judge.

These two cases are suits against two different Airport Policemen at Washington National Airport, the Federal Aviation Administration (FAA) as their employer, and the Washington National Airport Police Force. They purport to be civil rights suits under 42 U.S.C. §§ 1981, 1983 and 1988 for false arrest and false imprisonment. One complaint, that of Akinmurele, also alleges an assault and battery and a deprivation of property without due process of law. Both attempt to state a cause of action against FAA and the Washington National Airport · Police Department by alleging negligence in the hiring and training of the defendant officer in each action. They have been consolidated for purpose of the Motions to Dismiss.

## I.

The suits against FAA and the Airport Police Department, governmental agencies, must be dismissed.

■ Federal agencies may not be sued in their own names. The suit must name the United States as defendant. Blackmar v. Guerre, 342 U.S. 512, 72 S. Ct. 410, 96 L.Ed. 534 (1952).

■ This Court could allow amendment of the complaint to substitute the United States as a party defendant instead of the federal agencies; however, since the complaint alleges negligence on the part of the federal defendants in hiring and training the policemen, the suit would have to be brought under the Federal Tort Claims Act, which specifically excludes suits against the United States arising out of assault, battery, false arrest and false imprisonment. 28 U.S.C. §§ 2679, 2680(h). The facts of this case fall within that exclusion. Collins v. United States, 259 F.Supp. 363 (E.D.Pa., 1966). See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 410, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (Harlan, J., concurring).

The case cited in the complaint, Thomas v. Johnson, 295 F.Supp. 1025 (D.D.C.1968), does not help the plaintiffs. It is a suit against the District of Columbia as a municipality, not against a federal agency.

## II.

The second issue to be determined is whether the complaints state causes of action against the individual defendants, the police officers named.

■ The complaints rely on the Civil Rights Act, 42 U.S.C. §§ 1981, 1983 and 1988. This Act applies to officers acting under color of state law, not federal law. Wheeldin v. Wheeler, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1962); Norton v. McShane, 332 F.2d 855 (5th Cir. 1964), cert. denied, 380 U.

S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965). Therefore, the Civil Rights Act does not give plaintiffs a cause of action.

Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), recently held that there is a right of action against federal agents who violate the Fourth Amendment rights of a citizen while they are acting under color of federal authority. In that case, the agents entered the plaintiff's home without a warrant and made a search of his house, arresting and interrogating him in connection with their search. Throughout, the Supreme Court discusses Fourth Amendment rights. The holding appears to be limited to the Fourth Amendment.

■ The question then is whether the prohibition against unreasonable searches and seizures includes the seizure of a person during an arrest. The Supreme Court in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), said, "It must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." 392 U.S. at 16, 88 S.Ct. at 1877. Quoting from *Terry,* the Court of Appeals for the District of Columbia Circuit has stated that "the Supreme Court has verbally circumscribed the outer limits of 'seizure' under the fourth amendment to mean an accosting of an individual *and* a restraint of his liberty to depart." Yam Sang Kwai v. Immigration & Naturalization Service, 133 U.S.App.D.C. 369, 411 F.2d 683, 686 (1969). The Fourth Circuit Court of Appeals has recently cited *Terry* as standing for this proposition. Jenkins v. Averett, 424 F.2d 1228, 1232 (4th Cir. 1970).

### III.

The third question to be determined involves the question of whether the conduct complained of falls within the grant of immunity to officers and officials of the federal government. The

test laid down in Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959) is whether the activity falls within "the outer perimeter" of the officer's duties. The complaints both allege that the arresting officers were acting within the scope of their employment. If plaintiffs are bound by their own allegations, the officers' activity is protected.

This Court need not, however, restrict itself to the complaint. For the purposes of this motion we may view the allegations in the light most favorable to the plaintiffs and disregard these statements.

■ This Court recognizes that an assault by a police officer may well be beyond the scope of his official activity. *See, e. g.,* Jenkins v. Averett, 424 F.2d 1228 (4th Cir. 1970). The Supreme Court's ruling in *Bivens,* however, expressly avoided finding any liability against the defendants. It remanded the case for a determination of whether the actions complained of were within their immunity.

In Norton v. McShane, 332 F.2d 855 (5th Cir. 1964) cert. denied 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965) the complaint alleged a malicious and unlawful arrest, a detention in cramped circumstances for twenty-one hours without food or drink and malicious assault with a stick or billy club. The complaint sought redress under both common law and the Civil Rights Act. The court briefly treated and dismissed the claims under the Civil Rights Act on the grounds that the statute covered only state, not federal, officers. The court discussed in depth the policy and rationale behind the doctrine of official immunity. It quoted from the opinion of Judge Learned Hand in Gregoire v. Biddle, 177 F.2d 579 (2nd Cir. 1949), cert. denied, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950), which says in part: " . . . it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty

to the constant dread of retaliation." 177 F.2d at 581.

Judge Hand's opinion was quoted with approval by the Supreme Court in Barr v. Matteo, *supra*, which upheld immunity as to any actions within the outer perimeter of the official's line of duty, the "matters committed by law to his control or supervision," 360 U.S. at 573, 79 S.Ct. at 1341, 3 L.Ed.2d 1434, despite any allegations of malice by the plaintiffs.

 Following the reasoning in Norton v. McShane, *supra*, this Court has concluded that the actions of the police officers fell within the protective umbrella of immunity and cannot, therefore, be the basis of a cause of action. *See also*, Swanson v. Willis, 114 F.Supp. 434 (D.Alaska, 1953), aff'd. mem., 220 F.2d 440 (9th Cir. 1955).

Even if the Court did not follow Norton v. McShane, its result would not be different.

While the arrest and detention for a matter of minutes may be within the scope of an officer's official duties, it may be argued that a battery may never be within the powers of a police officer and that, therefore, there is no immunity. Selico v. Jackson, 201 F. Supp. 475 (S.D.Cal., 1962). *See also*, Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135 (1938). Committed under color of state law, such an act would be actionable under the Civil Rights Act as a denial of due process guaranteed by the Fourteenth Amendment. United States v. Price, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966); Williams v. United States, 341 U.S. 97, 71 S.Ct. 576, 95 L. Ed. 774 (1951); Koehler v. United States, 189 F.2d 711 (5th Cir. 1951). This action, however, is against federal officers acting under color of federal law. Therefore, the plaintiffs are without the benefit of the Civil Rights Act and must show a cause of action under the *Bivens* decision. *Bivens*, however, extends only to Fourth Amendment rights. The due process grant with respect to the federal government is made in the *Fifth* Amendment. This action, therefore, does not fall within the scope of *Bivens*. This Court is unwilling to extend that ruling beyond the limits explicitly stated therein by the Supreme Court.

Ignoring Norton v. McShane for a moment, the plaintiffs' position, then, is this: With regard to the false arrest, the seizure complained of is definitely within the grant in *Bivens*. The arrest, however, was clearly within the scope of the defendants' official immunity. With regard to the battery allegedly committed by defendant McRae, it may well be outside the protection of Barr v. Matteo; however, it is not actionable because it is not a violation of a Fourth Amendment right, for which *Bivens* gives a cause of action.

For these reasons, as well as those set out in Norton v. McShane, *supra*, the individual defendants' Motions to Dismiss are hereby granted.