Frank MORO, Plaintiff,

v.

TELEMUNDO INCORPORADO et al., Defendants.

Civ. No. 74-592.

United States District Court, D. Puerto Rico.

Dec. 16, 1974.

---

Nicolas Nogueras, Jr., Old San Juan, P. R., for plaintiff.

Fiddler, Gonzalez & Rodriguez, Hato Rey, P. R., for defendants.

## OPINION AND ORDER

TOLEDO, Chief Judge.

On May 20, 1974, plaintiff Frank Moro filed the complaint herein against defendant alleging certain deprivations of constitutional rights and requesting declaratory and injunctive relief as well as certain sum for damages.

The facts of this case are the following: On the May 1974 issue of the magazine known as Cosmopolitan, in Spanish, whose copyright proprietor is the Hearst Corporation, plaintiff, as it is alleged, appeared artistically naked.

On May 6, 1974, plaintiff was to appear live in a television program at defendant corporation's station and network, named "Estudio 2" with the famous Spanish personality Jose Maria Iñigo and the famous Puerto Rican singer Nydia Caro to be interviewed on different subjects; due to, among other things, his recent interview in the abovementioned Cosmopolitan Magazine. At the beginning of the program it was announced that plaintiff was present and that he would be interviewed in the course of said show. Approximately twenty minutes after the start of the show, defendant's General Manager, Mr. Rafael Ruiz, ordered the immediate cancellation of the interview.

It is also alleged that due to defendant's willful acts, fault and conduct plaintiff has suffered damages to his reputation and standing as a responsible actor and has suffered great emotional, moral and mental anguish, suffering also from strong nervous tensions and headaches and from insomnia for the amount of Five Million Dollars ($5,000,000).

Jurisdiction was invoked under the following provisions: Title 28, United States Code, Section 1331; Title 28, United States Code, Section 1337; Title 48, United States Code, Section 863 and Title 47, United States Code, Section 151 et seq., known as the Federal Communications Act; Title 42, United States Code, Section 1983, known as the Civil Rights Act, Title 28, United States Code, Sections 2201 and 2202, known as the Federal Declaratory Judgment Act, and the First, Fifth and Sixth Amendments of the Constitution of the United States.

 The Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress. The burden is on the party asserting the jurisdiction of the Court to show that jurisdiction, does in fact, exist. McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1935). Furthermore, the complaint must state on its face the grounds for jurisdiction. Gold Washing & Water Co. v. Keyes, 86 U.S. 199, 24 L.Ed. 656 (1887).

I. Jurisdiction

A. Title 48, United States Code, Section 863, known as Special Jurisdiction of the United States District Court for the District of Puerto Rico.

This Section was repealed by Congress Public Law 91–272 on June 2, 1970. See 84 Stat. 298.

B. Civil Rights Act, Title 42, United States Code, Section 1983.

Plaintiff also invokes as jurisdictional basis for this action the Civil Rights Act, Title 28, United States Code, Section 1343 and Title 42, United States Code, Section 1983.

First of all, we must point out that defendant Telemundo, Inc. WK.A.Q.–TV, channel 2, is a *private* television station and network, that operates in the Island of Puerto Rico and that it is a licensee of the Federal Communications Commission at Washington, D. C.

Section 1983 of Title 42, United States Code, provides:

"Every person who, under color of [law] of any statute, ordinance, regulation, custom or usage of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress".

Section 1983 of Title 42, United States Code, authorizes a civil action against any person who under color of State law deprives another of any rights, privileges or immunities secured by the Constitution and Laws.

 It is generally recognized that private citizens and firms are not generally acting under "color of law" and, accordingly, are not ordinarily suable under Title 42, United States Code, Section 1983. United States v. Guest, 383 U.S. 745, 86 S.Ct. 1170, 16 L.Ed.2d 239 (1966).

 A private party involved in a conspiracy, even though not an official of the State, can be liable under Section 1983. Private persons *jointly* engaged with the State officials in the prohibited action, are acting under color of law for purposes of the statute. To act "under color of law" does not require that the accused be an officer of the State. It is enough that he is a *willful participant* in the joint activity with the State or its agents. United States v. Price, 383 U.S. 787, 794, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267 (1966).

 In this case the plaintiffs have failed to allege that defendants have acted jointly or willingly with the state or its agent so as to come within the jurisdiction of the Civil Rights Act.

This Court in the case of Montañez v. Colegio de Tecnicos de Refrigeración y. Aire Acondicionado de Puerto Rico, 343

F.Supp. 890 (D.C.P.R.1972), expressed the following:

> "The requirements that the action be taken under color of state law is a 'sine qua non' requirement for the establishment of a claim for relief under the Civil Rights Statute giving right of action, in tort or injunction, to every individual whose federal rights are usurped by any person acting under color of state law. Although state officers are usually the only people who can act with the authority of the state in order to be a misuse of power derived from the state, state action can be established if defendants who are not involved with the state are, notwithstanding, 'willful participant in joint activity with the State or its agents". United States v. Price, supra.

The test of color of law can rarely be satisfied in the case of anyone other than the state officer. Weyandt v. Mason's Stores, 279 F.Supp. 283 (D.C.Pa. 1968).

■ There mere fact that the defendant obtained a license from the Federal Communications Commission does not transform this action into a State action. See Moose Lodge 107 v. Irvis, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972).

■ We decide that plaintiff has failed to state a claim upon which relief may be granted under Section 1343 of Title 28 and Section 1983 of Title 42.

C. Constitutional Claims

Plaintiff has invoked jurisdiction of this Court under the First, Fifth and Sixth Amendments of the Constitution of the United States.

The Sixth Amendment reads as follows:

> "In all *criminal* prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence".

■ The Sixth Amendment is inapplicable to the case at bar since it deals exclusively with rights secured to a *criminal* defendant in a *criminal* proceeding and the suit herein is a *civil* action.

■ In relation with plaintiff's First Amendment claim we understand he has failed to state a claim which requires vindication under the First Amendment. Before the plaintiff may recover for an alleged violation of this Amendment, he must show that the defendant's conduct was equivalent to Federal action.[1]

It seems to us that the essence of plaintiff's argument is that the Federal Government, through the Federal Communications Commission (hereinafter the Commission), by licensing defendant under the Act, transform the action of the license into a Federal Governmental Action for First Amendment purposes. See McIntire v. William Penn Broadcasting Co., 151 F.2d 597 (3 Cir. 1945), cert. denied 327 U.S. 779, 66 S.Ct. 530,

---

1. Plaintiff bases his claim on Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). However, *Bivens* was a Fourth Amendment unlawful search and seizure violation by Federal, that is "governmental" agents. It should be noted that in the instant case there were no Federal employees or any kind of governmental agents involved in the alleged actions of the defendant. Moreover, Bivens was limited to a cause of action arising under the Fourth Amendment. As Justice Harlan emphasized, the right being protected in Bivens was the right of privacy and that is a "horse of different color" compared to First Amendment rights. Bivens at page 408, 91 S.Ct. at page 2011.

And at least one District Court has specifically held that Bivens is limited to cases arising under the Fourth Amendment. Davidson v. Kane (E.D.Va.1972), 337 F.Supp. 922.

90 L.Ed. 1007 (1946); Massachusetts Universalist Convention v. Hildreth & Rogers Co., 183 F.2d 497 (1 Cir. 1950); Post v. Payton, 323 F.Supp. 799 (E.D. N.Y.1971); Columbia Broadcasting v. Democratic Committee, 412 U.S. 94, 93 S.Ct. 2080, 36 L.Ed.2d 772 (1972); Moose Lodge 107 v. Irvis, supra.

The best discussion of the fact that the Commission's regulations does not result in governmental or state action is found in Post v. Payton, supra. The District Court, in rejecting the contention that "governmental or state action" was involved said:

"The Government is not charged with the duty of broadcasting or formulating the program of any particular radio station. In fact, the Communications Act of 1934 exclusively reserves station programming to the licensee, free of any censorship by the Commission. . . . It is only governmental action which can violate the First and Fourteenth Amendments, as held, for example, in The Civil Rights Cases, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883). To hold that the licensing by the Federal Government of a broadcast frequency endows the recipient with the quality of an agency of the Federal Government would be an unreasonable interpretation of governmental action". Post v. Payton, 323 F.Supp. at 803–804.

Other cases to the same effect and which we follow are: McIntire v. Wm. Penn Broadcasting Co., supra; Massachusetts Universalist Convention v. Hildreth and Rogers Co., supra.

■■■ We state that we know of no Federal statute which gives a cause of action against a private person who has abridged another's right to freedom of speech. Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); Picking v. Pennsylvania R. Co. (3 Cir. 1945), 151 F.2d 240.

We find that the regulations of defendant by the Commission furnishes no support for any finding that defendant's private activities are governmental or state action subject to the prohibitions of the First and Fifth Amendments.

D. Jurisdiction under the Federal Communications Act, Title 47, United States Code, Section 151 et seq.

■■■ It has long been recognized that the Federal Communications Act, supra, did not create private rights. Scripps-Howard Radio v. FCC, 316 U.S. 4, 62 S.Ct. 875, 86 L.Ed. 1229 (1941). In light of this fact numerous courts have held that a violation of the Act does not give rise to a private cause of action for damages or injunctive relief. McIntire v. Wm. Penn Broadcasting Co., supra; Post v. Payton, supra; Gordon v. National Broadcasting Co., 287 F. Supp. 452 (S.D.N.Y.1968); Smothers v. CBC, 351 F.Supp. 622 (D.Cal.1972); Daly v. West Central Broadcasting, 201 F.Supp. 238 (S.D.Ill.1962), aff'd sub nom. 309 F.2d 83 (7 Cir. 1962).

■■■ The Commission is the primary and exclusive forum in which to institute and prosecute alleged violations of the Act by broadcast licenses. Gordon v. NBC, supra. The sole functions of the courts in enforcing the statutory provisions is to review final orders of the Commission in accordance with the statutory scheme. McIntire v. Wm. Penn. Broadcasting, supra. In any event, the enforcement of the Act rests at the Commission and not in the district courts of the United States save for a right of review of the Commissioner's order.

E. Declaratory Judgment Act, Title 28, United States Code, Sections 2201 and 2202.

■■■ In relation with the Declaratory Judgment Act, supra, we must say that it does not confer jurisdiction on this Court. That Act was designed to enable a court to declare the rights of adverse parties to a lawsuit. Relief thereunder is premised on the existence of a judicially remediable right. The Act itself does not confer an independent source of jurisdiction. Therefore, unless the plaintiff can point the court

**926**

to a statute which empowers the court to adjudicate the parties' rights, the Declaratory Judgment Act is of no avail. This Act is only available where jurisdiction already exists. See Goldstein v. Johnson, (1950), 87 U.S.App.D.C. 159, 184 F.2d 342; United States v. Smith, 393 F.2d 318 (5 Cir. 1968); Cadillac Pub. Co. v. Summerfield, 97 U.S.App. D.C. 14, 227 F.2d 29 (1955).

In view of the foregoing, plaintiff's complaint is hereby dismissed for lack of jurisdiction.

It is so ordered.