Adrian P. SCHOONE et al., Plaintiffs,

v.

Stephen F. OLSEN, in his official capacity as Mayor of the City of Racine, Wisconsin, and in his official capacity as a member of the Planning Commission of the City of Racine, Wisconsin, et al., Defendants.

No. 75–C–742.

United States District Court,
E. D. Wisconsin.

Feb. 11, 1977.

Schoone, McManus & Hanson by Roger L. McManus, Racine, Wis., for plaintiffs.

Foley & Capwell by Rex Capwell, Racine, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved for summary judgment. The plaintiffs have alleged claims in four separate counts, all arising from the defendants' redevelopment plans

for the area in which the plaintiffs owned an office building. I find that the defendants' motion must be granted.

## I.

The first count of the complaint is based on the plaintiffs' claim that they lost tenants and were otherwise deprived of the use of their property because of the defendants' having taken their property without due process of law.

■ It is clear from the record that the defendants' proposal to redevelop the blighted downtown area in question was not a taking in either the legal or constitutional sense. It did not constitute a condemnation of the plaintiffs' property or an illegal denial of their right to use and enjoy their property. *Danforth v. United States*, 308 U.S. 271, 285, 60 S.Ct. 231, 84 L.Ed. 240 (1939); *United States v. Cress*, 243 U.S. 316, 37 S.Ct. 380, 61 L.Ed. 746 (1917).

## II.

■ The second count of the complaint alleges a violation of the plaintiffs' rights under 42 U.S.C. § 1983. The defendants claim a qualified immunity under this claim of a civil rights violation. Upon the "good faith" affidavits of the defendants, I am required to grant summary judgment as to this count pursuant to *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975).

## III.

■ In the third count, the plaintiffs allege a violation of their rights under 42 U.S.C. § 1985. The defendants are charged with having conspired invidiously to discriminate against the plaintiffs. A violation of one's rights under § 1985 may occur when two or more persons conspire to deprive another "of the equal protection of the laws, or of equal privileges and immunities under the laws. In *Griffin v. Breckenridge*, 403 U.S. 88, 101, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971), the Court said:

"That the statute [42 U.S.C., § 1985(3)] was meant to reach private action does not, however, mean that it was intended to apply to all tortious, conspiratorial interferences with the rights of others. . . . The language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all."

■ It is apparent that the conduct complained of by the plaintiffs does not qualify under the Supreme Court's interpretation of § 1985. See also *Collins v. Hardyman*, 341 U.S. 651, 666, 71 S.Ct. 937, 95 L.Ed. 1253 (1951); *Collins v. Bensinger*, 506 F.2d 1405 (7th Cir. 1974); *Askew v. Bloemker*, 548 F.2d 673 (7th Cir. 1976). The record shows that there has been no denial of the plaintiffs' right to equal protection of the laws. No class-based or racial abuse is asserted in count III. The defendants' motion for summary judgment will be granted.

## IV.

■ The defendants are charged in count IV with a violation of the plaintiffs' rights under 42 U.S.C. § 1986. A violation of § 1986 is dependent upon a violation of § 1985. In view of the above ruling as to § 1985, it is clear that no claim can survive as to § 1986. *Slegeski v. Ilg*, 395 F.Supp. 1253 (D. Conn. 1975); *Johnston v. National Broadcasting Co.*, 356 F.Supp. 904, 909–10 (D.D.N.Y. 1973); *Post v. Payton*, 323 F.Supp. 799, 802 (E.D.N.Y. 1971).

Therefore, IT IS ORDERED that the defendants' motion for summary judgment be and hereby is granted.

IT IS ALSO ORDERED that the plaintiffs' action be and hereby is dismissed.