Carrie McKINNEY et al., Appellants,

v.

**Walter E. WASHINGTON, Individually and as Commissioner of the District of Columbia, etc., et al.**

No. 23809.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 28, 1970.

Decided Nov. 25, 1970.

Mr. Samuel B. Abbott, Washington, D.C., with whom Mrs. Florence Wagman Roisman, Washington, D.C., was on the brief, for appellants.

Mr. S. Billingsley Hill, Atty., Department of Justice, with whom Mr. Herbert Pittle, Atty., Department of Justice, was on the brief, for appellees. Mr. Edmund B. Clark, Atty., Department of Justice, also entered an appearance for appellees.

Before TAMM, MacKINNON and ROBB, Circuit Judges.

PER CURIAM:

In this appeal we are asked to reverse the District Court's denial of plaintiffs' motion for a preliminary injunction. This is a class action brought on behalf of a group of tenants living in low-rent housing projects and having rent leases with the National Capital Housing Authority of the District of Columbia (hereinafter NCHA), to enjoin a proposed rent increase. The suit is against officials of NCHA, the Department of Housing and Urban Development (hereinafter HUD), and the District of Columbia.

The United States Housing Act of 1937, 50 Stat. 888, as amended, 42 U.S. C. § 1401 *et seq.* (1964), authorized federal subsidies to local housing authorities to permit construction and operation of low-rent housing projects for certain low-income families. NCHA is a local housing authority and subject to the U. S. Housing Act. The officials of HUD are generally responsible for the administration of the low-rent public housing programs established under the United States Housing Act.

The main contention of plaintiffs is that they were entitled to a hearing at which they could express their views before a rent increase was adopted. The District Court denied the motion for a

preliminary injunction on the ground that there was no substantial likelihood that plaintiffs would prevail on the merits. *See* Virginia Petroleum Jobbers Association v. FPC, 104 U.S.App.D.C. 106, 259 F.2d 921 (1958). We agree.

■ We find no right to a hearing based on any statutory language. The United States Housing Act provides in pertinent part:

It is the policy of the United States to vest in the local public housing agencies the *maximum amount of responsibility* in the administration of the low-rent housing program, including responsibility *for the establishment of rents* and eligibility requirements.

42 U.S.C. § 1401 (1964) (Emphasis added.) On the evidence before us at this time we can see no abuse by the NCHA of its "maximum amount of responsibility." The financing of a low-rent housing program, which sometimes necessitates the raising of rents, is a very complicated operation requiring a high degree of expertise. It is quite unlikely that courts, to say nothing of tenants, would possess the necessary expertise. In many cases it is only too probable that participation by tenants in rental decisions and review by the courts would cause senseless and damaging delays. Congress most likely had these factors in mind when it gave local housing authorities "maximum amount of responsibility in the administration of the low-rent housing program."

Plaintiffs also base their right to a hearing on the Due Process clause of the Fifth Amendment. This very question is raised in a recent First Circuit case. Hahn v. Gottlieb, 430 F.2d 1243 (1st Cir. 1970). In denying the plaintiffs' requests for a hearing with the right to cross-examine adverse witnesses, and for an impartial decisionmaker, who must state the reasons for his decision and the evidence on which he relies, the Hahn court stated:

These procedural safeguards are characteristic of adjudicatory proceedings, where the outcome turns on accurate resolution of specific factual disputes. *See, e.g.*, Escalera v. New York City Housing Authority, 425 F.2d 853 (2d Cir. April 29, 1970); Randell v. Newark Housing Authority, 384 F.2d 151 (3d Cir. 1967), cert. denied, Avent v. Newark Housing Authority, 393 U.S. 870, 89 S.Ct. 158, 21 L.Ed.2d 139 (1968). Such safeguards are not, however, essential in "legislative" proceedings, such as ratemaking, where decision depends on broad familiarity with economic conditions. *Cf.* Norwegian Nitrogen Products Co. v. United States, 288 U.S. 294, 303–305, 53 S.Ct. 350, 77 L.Ed. 796 (1933).

(430 F.2d at 1248.)

In Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), the Supreme Court prohibited a cancellation of welfare payments to an individual without a hearing. The distinction between this and our case is accurately expressed in Hahn v. Gottlieb, *supra:*

Plaintiffs are not legally "entitled" to low rents in the same sense that the welfare recipient in Goldberg v. Kelly, *supra*, was entitled to basic sustenance under a system of categorical assistance. Moreover, the tenant's interest is not directly jeopardized each time the FHA approves a rent increase. The increase may be small, and rent supplement programs are available to those in greatest need. Thus, the government action in this case poses a less serious threat to the private interest involved than the termination of welfare benefits in Goldberg v. Kelly, which deprived the recipient of the means of existence, or the denial of a security clearance in Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959), which meant loss of employment * * *.

(430 F.2d at 1247) (Citations omitted.)

Inasmuch as the evidence in its present state indicates that plaintiffs are paying substantially less rent than they would under commercial leases, we do not see the same serious need for a hearing involved in *Goldberg.* At this

point it appears "that the government interest in a summary procedure for approving rent increase outweighs the tenants' interest in greater procedural safeguards." Hahn v. Gottlieb, *supra*, 430 F.2d at 1949.

 There being no substantial likelihood of success on the merits, the order of the District Court denying a preliminary injunction is affirmed.

Affirmed.