**PEOPLE'S RIGHTS ORGANIZA-
TION, an unincorporated
association, et al.**

v.

**BETHLEHEM ASSOCIATES et al.**

**Civ. A. No. 72-2427.**

United States District Court,
E. D. Pennsylvania.

March 23, 1973.

**408**

Harry Newman, Bethlehem, Pa., for plaintiffs.

Michael Hepps, Asst. U. S. Atty., Neil Epstein, M. B. Oasin, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

The individual plaintiffs in this action are tenants of Bethlehem Townhouse Apartments, which are owned by defendant, Bethlehem Associates. People's Rights Organization is an unincorporated association of the tenants of the Bethlehem Townhouse Apartments. The apartments were financed under mortgages insured by defendant, Federal Housing Authority [FHA] pursuant to Section 236 of the National Housing

Act, 12 U.S.C. § 1715z–1 and continue to receive subsidies under the Act.

On September 12, 1972, defendant Bethlehem Associates applied to defendant Department of Housing and Urban Development [HUD] for permission to increase the rent for their apartments. HUD approved the increase in basic rental charges in October of 1972, and these increases were implemented upon the expiration of the current leases. Neither HUD nor Bethlehem Associates afforded the tenants notice of the application or an opportunity to present their objections prior to its approval. Plaintiffs allege that the rental increase will create an unbearable hardship on them and may force them to vacate their apartments.

Plaintiffs have filed this action, seeking injunctive relief, compelling rescission of the HUD approval of the rental increase and compelling defendants to grant plaintiffs a full and fair hearing prior to the approval of any application for rent increases. In addition, plaintiffs seek damages in the amount of the increased rent collected and a judgment declaring that defendants' actions violated the National Housing Act, 12 U.S.C. § 1701 et seq. and the regulations promulgated thereunder, the Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment. Jurisdiction is predicated on the Fifth Amendment, 12 U.S.C. § 1701 et seq., 28 U.S.C. § 1331, 5 U.S.C. § 701, and 28 U.S.C. § 1361. Before the Court are defendants' motions to dismiss the complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

### I. Section 236

Section 236 was added to the National Housing Act in 1968 to encourage private enterprise to engage in the construction and development of decent housing for lower income families. In addition to mortgage insurance, Section 236 provides for assistance in the form of periodic subsidy payments to the housing mortgagee in order to reduce

the mortgagor's interest costs. 12 U.S. C. § 1715z-1(b). The interest reduction formula is based upon the difference in costs required for principal, interest and mortgage insurance premium, as compared to that required for principal and interest on a mortgage bearing an interest rate of one per cent. 12 U.S.C. § 1715z-1(c). The interest subsidy, in turn, makes possible lower rental payments by the occupants of the housing development, thus fulfilling the purpose of the Act. This subsidy reduces rentals to a basic charge, and the tenant will pay either the basic charge, or such greater amount as represents twenty-five per cent of his income, but not in excess of the charges which would be necessary without interest reduction payments. 12 U.S.C. § 1715z-1(f).

To administer this program, the statute confers a broad discretion on the Secretary of HUD and provides in pertinent part:

"(e) As a condition for receiving the benefits of interest reduction payments, the project owner shall operate the project in accordance with such requirements with respect to tenant eligibility and rents as the Secretary may prescribe. Procedures shall be adopted by the Secretary for review of tenant incomes at intervals of two years (or at shorter intervals where the Secretary deems it desirable)." 12 U.S.C. § 1715z-1(e).

\* \* \* \* \* \*

"(h) In addition to establishing the requirement specified in subsection (e) of this section, the Secretary is authorized to make such rules and regulations, to enter into such agreements, and to adopt such procedures as he may deem necessary or desirable to carry out the provisions of this section."

The FHA has promulgated regulations for the implementation of the Section 236 program, 24 C.F.R. § 236.1 et seq., and such regulations provide that the Commissioner may regulate the mortga-

gor throughout the life of the mortgage through a regulatory agreement or such other means as the Commissioner approves. 24 C.F.R. § 236.1; 24 C.F.R. § 221.529. The applicable standards for rental charges are set forth in 24 C.F.R. § 236.55. Pursuant to these regulations, Bethlehem Associates and the FHA entered into a regulatory agreement which provides as follows:

"4. The Owners covenant and agree that:

(a) With the prior approval of the Commissioner, they will establish for each dwelling unit (1) the basic rental charge determined on the basis of operating the project with payments of principal and interest under a mortgage bearing interest at one per cent and (2) a fair market rental charge determined on the basis of operating the project with payments of principal, interest and mortgage insurance premiums due under the insured mortgage on the project;

\* \* \* \* \* \*

(1) no change will be made in the basic rental or fair market rental unless approved by the Commissioner."

Under these FHA regulations and the regulatory agreement, Bethlehem Associates sought and obtained approval for the rental increase in question.

*II. Jurisdiction*

A. The Fifth Amendment

■■ Plaintiffs initially argue that jurisdiction is conferred upon this Court by the Fifth Amendment. The District Courts of the United States are not, however, courts of general jurisdiction, but have only such limited jurisdiction as Congress has conferred upon them by statute. See United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84, 88 (3d Cir. 1969). Thus, the Fifth Amendment absent any statute conferring jurisdiction cannot serve as an independent basis of jurisdiction in this Court.

### B. The National Housing Act

■ Plaintiffs secondly allege that jurisdiction is conferred by the National Housing Act, 12 U.S.C. § 1701 et seq. The National Housing Act, under which this housing project was constructed and the mortgage thereon insured, confers neither a civil remedy nor jurisdiction. Potrero Hill Community Action Committee v. Housing Authority, 410 F.2d 974, 976 (9th Cir. 1969). Plaintiffs must accordingly show jurisdiction under Title 28 of the United States Code.

### C. 28 U.S.C. § 1331

■ Plaintiffs allege that this Court has jurisdiction under 28 U.S.C. § 1331 in that substantial federal questions arising under the due process clause of the Fifth Amendment and the National Housing Act have been pleaded, and the amount in controversy exceeds $10,000. Since this action has been filed as a class action, plaintiffs claim that the amount in controversy requirement is satisfied by the aggregation of the claims of each member of the class. It is manifest that no single member of the class has a claim in excess of $10,000. Guidelines to determine whether it is proper to aggregate the claims of individual members of a class have been set forth in Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). There, the Supreme Court specifically held that aggregation of claims in a class action was to be permitted,

> "only (1) in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant and (2) in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." 394 U.S. at 335, 89 S.Ct. at 1056.

In Potrero Hill Community Action Committee v. Housing Authority, *supra*, the Court of Appeals considered the question whether a tenant in a federally assisted low income project has a "single right" shared with other tenants similarly situated as to which all have a "common and undivided interest". The Court refused to permit the aggregation of the claims of the class on the ground that the tenants' rights arose only from the status of each individual lessee of a portion of the project premises and, therefore, no "single right" in which all tenants have a "common and undivided interest" was shown. *See also* Mattingly v. Elias, 325 F.Supp. 1374, 1380–1382 (E.D.Pa.1971). Thus, since no one claim reaches the minimum jurisdictional amount, jurisdiction in this action cannot rest upon 28 U.S.C. § 1331.

### D. The Administrative Procedure Act

■ Fourthly, plaintiffs allege that they are persons "affected or aggrieved by agency action" within the meaning of 5 U.S.C. § 702 and, therefore, are entitled to judicial review. Initially, the Court of Appeals has held that the Administrative Procedure Act [APA] is a remedial statute and may not serve as an independent basis of jurisdiction to review agency action according to its terms absent any other basis for jurisdiction. Zimmerman v. United States, 422 F.2d 326, 330–331 (3rd Cir. 1970), cert. denied 399 U.S. 911, 90 S.Ct. 2200, 26 L.Ed.2d 565 (1970), rehearing denied 400 U.S. 855, 91 S.Ct. 26, 27 L.Ed.2d 93 (1970). Moreover, in Hahn v. Gottlieb, 430 F.2d 1243 (1st Cir. 1970) and in Langevin v. Chenango Court, Inc., 447 F.2d 296 (2d Cir. 1971), the question was raised whether the District Court had jurisdiction under the APA to review an FHA approval of a rent increase for a low and moderate income housing project which was federally assisted under Section 221 of the National Housing Act, 12 U.S.C. § 1715*l*(d). In holding that FHA decisions to grant a rent increase are "agency action . . . committed to agency discretion by law", thereby precluding judicial review under the APA, 5 U.S.C. § 701(a)(2), the *Hahn* Court concluded:

> "In sum, it seems to us that the inappropriateness of judicial review, its

minimal utility in safeguarding plaintiffs' rights, and its adverse impact on agency operations all provide 'clear and convincing evidence' that Congress did not intend courts to supervise FHA rent decisions. We therefore hold that the approval of rents and charges is a 'matter committed to agency discretion by law', and thus not subject to judicial review." 430 F.2d at 1251.

In Langevin v. Chenango Court, Inc., *supra*, 447 F.2d at 302–304, the Second Circuit likewise reached the conclusion that the approval of a rent increase was a "matter committed to agency discretion by law". Thus, on the ground that the APA does not provide an independent basis of jurisdiction and on the ground that the decision to increase rent is a matter of agency discretion, we conclude that 5 U.S.C. § 701(a)(2) precludes judicial review of the FHA decision in the instant case.

E. 28 U.S.C. § 1361

 Finally, plaintiffs allege that jurisdiction is conferred by the Mandamus and Venue Act, 28 U.S.C. § 1361, which provides:

> "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

In Richardson v. United States, 465 F.2d 844 (3d Cir. 1972), cert. granted 410 U.S. 955, 93 S.Ct. 1420, 35 L.Ed.2d 686 (1973), the Court of Appeals restated the standards to be applied in a mandamus action:

> "In order for mandamus to issue, a plaintiff must allege that an officer of the Government owes him a legal duty which is a specific plain ministerial act 'devoid of the exercise of judgment or discretion'. * * * An act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from

doubt." 465 F.2d at 849 [citations omitted].

From a reading of the language of Section 236 and the regulations promulgated thereunder, it is clear that it fails to establish any duty on the FHA to hold a hearing prior to approval of a rent increase. In fact, the holdings of *Hahn* and *Langevin, supra,* indicate that the conferring of any hearing on the issue of approval of a rent increase rests within the discretion of the FHA. Thus, the statutory language of Section 236 does not demonstrate a "positively commanded" legal duty which is a specific, plain ministerial act devoid of the exercise of judgment a discretion.

We are left now with the constitutional question whether the due process clause of the Fifth Amendment imposes a duty on the FHA to conduct a hearing prior to a rent increase. In *Hahn, supra*, 430 F.2d at 1245 n. 1, the Court held that there was jurisdiction under Section 1361 to consider the constitutional question, and in *Langevin, supra*, 447 F.2d at 300, the Government conceded that jurisdiction existed under Section 1361. Both cases, however, went on to hold that there was no constitutional duty imposed on the FHA by the due process clause of the Fifth Amendment to conduct a hearing prior to the approval of a rent increase. *See also* McKinney v. Washington, 143 U.S.App.D.C. 4, 442 F.2d 726 (1970). Thus, absent any constitutional compulsion to conduct a hearing, there is no legal duty to hold such a hearing and we lack jurisdiction under Section 1361. Richardson v. United States, *supra*.

### III. The Merits

Assuming arguendo that this Court had jurisdiction to hear plaintiffs' claims on the merits, we would be, nonetheless, compelled to dismiss the complaint for failure to state a claim upon which relief can be granted. As previously mentioned, this case is controlled by three Court of Appeals' decisions which hold that the FHA is under nei-

ther a constitutional nor a statutory duty to conduct a hearing prior to their approval of a rent increase in federally assisted, low income housing projects. Langevin v. Chenango Court, Inc., 447 F.2d 296 (2d Cir. 1971); McKinney v. Washington, 143 U.S.App.D.C. 4, 442 F.2d 726 (1970); Hahn v. Gottlieb, 430 F.2d 1243 (1st Cir. 1970). The reasoning of these decisions is somewhat diverse, but all three courts, applying a balancing test, concluded that the Government interest in summary procedure for approving rent increases outweighs the tenant's interest in greater procedural safeguards. The procedures demanded by the plaintiffs, the Courts reasoned, would place a substantial, additional burden on the insurer-insured relationship without necessarily improving the fundamental fairness of the proceedings. See Langevin, supra, 447 F.2d at 301; McKinney, supra, 442 F.2d at 728; Hahn, supra, 430 F.2d at 1247–1249. In addition, the Langevin Court found that the relationship between the Government as insurer and private landlord as insured is too tenuous to confer a right to a due process hearing upon the tenants. 447 F.2d at 301. The Court continued:

"The due process clause does not forbid Congress from deciding, if it wishes, that federal assistance to 'private industry in providing housing for low and moderate income families and displaced families' in the form of insurance and purchase of low interest mortgages need not be conditioned on the granting of an evidentiary hearing with respect to rent increases, but, in the absence of some governmental scheme of rent control, whether general or particularized, may instead be confided to the decision of the experienced staff of the FHA, which has been instructed to subject rent increase applications to thorough investigation to the end that tenants should not be imposed upon. The complementary objectives of Congress, admittedly constitutional and laudable, were to encourage private enterprise to undertake the construction of housing for low and moderate income and displaced families, thereby dispensing with the use of government funds for equity investment, and to see that an appropriate share of the benefits of the federal assistance went to the tenants. Within this framework Congress has the power to decide—or to authorize the FHA to decide—what procedural mix will best accomplish its aims." 447 F.2d at 301.

Thus, the Langevin, McKinney and Hahn Courts unanimously concluded that the procedural rights which plaintiffs claim in the instant case are not mandated by the due process clause of the Fifth Amendment.

In addition, these courts have unanimously agreed that the procedures sought here are not mandated by the relevant statutes. The relevant statute involved in Langevin and Hahn was Section 221 of the National Housing Act, 12 U.S.C. § 1715l, and the relevant statute in McKinney was the United States Housing Act of 1937, 42 U.S.C. § 1401 et seq. In the instant case, the relevant statute is Section 236 of the National Housing Act, 12 U.S.C. § 1715z–1. Plaintiffs do not argue that there is any distinction between Section 236 and the statutes at issue in the above mentioned cases which would mandate a different result. We have independently reviewed and compared the language of the relevant statutes and have found nothing to indicate any significant difference which would vitiate the conclusion reached in Langevin, McKinney and Hahn.

Seeking to obviate the binding effect of Langevin, McKinney and Hahn on this Court, plaintiffs cite two unreported California District Court decisions for the proposition that the due process clause compels notice be given to the tenants of the proposed rent increase, an opportunity for the tenants to make written objections, and that tenants be furnished with the FHA's reasons for approving an increase. Keller v. Kate Maremount Foundation, (N.D.Cal. June

15, 1972); Geneva Towers Tenants Organization v. Federal Mortgage Investors, (N.D.Cal., January 8, 1972). To the extent these decisions conflict with or reject the holdings of *Langevin, Mc-Kinney* and *Hahn,* we find them unpersuasive and decline to follow them.

Finally, plaintiffs argue that recent Supreme Court decisions have undermined the *Langevin, McKinney* and *Hahn* decisions. *See* Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). In reviewing these cases, we conclude they have the effect of weakening rather than strengthening plaintiffs' position. In *Roth,* the Court, construing the due process clause of the Fourteenth Amendment, noted that the requirements of due process apply only to the deprivation of interests encompassed within the Fourteenth Amendment's protection of liberty and property. In summarizing the attributes of property interests protected by procedural due process, the Court stated:

> "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must, instead, have a legitimate claim of entitlement to it." 408 U.S. at 577, 92 S.Ct. at 2709.

Assuming that this same test would be applicable in Fifth Amendment questions, we entertain a substantial doubt that a tenant in a federally assisted housing project has, under the *Roth* analysis, a property interest in a certain rental charge.

██ We, therefore, conclude that we lack jurisdiction over this action and, in the alternative, that tenants in a federally assisted low income housing project have no right under either the due process clause of the Fifth Amendment or Section 236 of the National Housing Act to an evidentiary hearing prior to FHA approval of a rent increase. According-ly, defendants' motion to dismiss the complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted will be granted.