Cheryl and James **PAULSEN** et al.,
Plaintiffs-Appellees,

v.

**COACHLIGHT APARTMENTS CO.** et al.,
Defendants-Appellants.

Cheryl and James **PAULSEN** et al.,
Plaintiffs-Appellees,

v.

**SECRETARY OF HOUSING AND UR-BAN DEVELOPMENT** and Alfred Raven, Director, Grand Rapids Insuring Office, Department of Housing and Urban Development Federal Housing Administration, Defendants-Appellants.

Nos. 73–1595, 73–1596.

United States Court of Appeals,
Sixth Circuit.

Nov. 22, 1974.

John Milanowski, U. S. Atty., Grand Rapids, Mich., Kathryn H. Baldwin, Ronald R. Glancz, Irving Jaffe, Dept. of Justice, Civil Div., Washington, D. C., for defendants-appellants Secretary of

Housing and Urban Development, and others.

R. Bruce Carruthers, Doyle, Smith, Whitmer & Carruthers, Lansing, Mich., for defendants-appellants Coachlight Apartments Co., and others.

Robertamarie Kiley, Lansing, Mich., Carl H. Kaplan, Executive Director, Greater Lansing Legal Aid, Lansing, Mich., Richard Reed, Robert L. Reed, Alan W. Houseman, Michigan Legal Services Assistance Program, Detroit, Mich., for plaintiffs-appellees.

Before PHILLIPS, Chief Judge, McCREE, Circuit Judge, and ROSENSTEIN, Senior Customs Judge.[*]

PHILLIPS, Chief Judge.

This appeal presents the question of whether, and to what extent, tenants in lower income housing subsidized and insured under the provisions of § 236 of the National Housing Act, as amended, 12 U.S.C. § 1715z–1, are entitled to a hearing before the Federal Housing Administration (FHA) approves their landlord's application for an increase in rent.

The appellants[1] seek reversal of an order of the District Court granting the appellee class's motion for partial summary judgment on the questions of the presence of jurisdiction, class action status and due process deprivations.[2]

We vacate and remand.

## I.

The appellees are tenants in Pinebrook Manor Apartments, an apartment complex comprised of 136 rental units located in Lansing, Michigan. Pinebrook Manor receives FHA subsidy payments pursuant to § 236. In order to receive these payments, the landlord, Coachlight Apartments Co. (Coachlight), agreed to abide by certain statutory and regulatory requirements, including the requirement that all proposed rent increases be approved by the FHA.

In August 1972, Coachlight, a limited dividend partnership registered under the laws of Michigan, acting through its apartment manager, requested FHA approval for a proposed rent increase. Supporting documents indicating the increased costs of operation were submitted shortly thereafter to the FHA. Without any input from the tenants at Pinebrook Manor, the FHA in late September 1972 approved a new rental schedule, comprising a 7.2 per cent overall increase. The increases took effect on November 1, 1972, as the tenants' annual leases began to expire.

The appellees thereafter instituted this action seeking, *inter alia,* (1) to compel the governmental appellants to rescind their approval of the rent increases, (2) to declare that the appellants unconstitutionally failed to accord the appellees certain due process rights prior to the rent increases, and (3) to obtain damages from the private appellants to the extent of the increased rent collected. The suit was sustained as a class action. On the appellees' motion for partial summary judgment, the District Court concluded that the tenants were entitled to the following five elements of procedural due process:

> (1) notice that the landlord has filed an application for rent increases,

---

[*] Honorable Samuel M. Rosenstein, Senior Judge, United States Customs Court, sitting by designation.

1. There are two distinct groups of defendants-appellants: (1) the Secretary of Housing and Urban Development and the Director of the Grand Rapids Insuring Office, Federal Housing Administration (the governmental appellants), and (2) Coachlight Apartments Co., the owner of the apartment complex, and Republic Management Corporation, the manager of the complex (the private appellants).

2. Neither set of appellants on appeal challenges the District Court's determinations that jurisdiction over the governmental appellants existed under 28 U.S.C. § 1361 and that joinder of the private appellants was necessary to effectuate any remedy granted, Fed.R.Civ.P. 19(a), or that this suit was properly maintained as a class action under Fed.R.Civ.P. 23.

(2) an opportunity to examine any materials submitted by the landlord in support of his application,

(3) a reasonable opportunity to make written objections to the landlord's application,

(4) an opportunity to make an informal oral presentation [to the FHA inspector who is required under FHA regulations to make an on-site inspection whenever a rent increase is requested] of any objection to the landlord's application,

(5) a concise statement of the FHA action taken on the application and the reasons for that action.

The opinion and order of the District Court, dated March 8, 1973, concludes with the following language:

"This court, after careful consideration of the facts in this case, holds that this opinion does not require an immediate refund of the increases which have been collected to date. However, the increase may not be collected after this date and if the FHA should determine, after reconsidering the application in accordance with this opinion, that the increase was improper, then the landlord would be required to refund the amount of the increase already collected."

## II.

■ The District Court held that the fifth amendment requires that the tenants be accorded an opportunity for a due process hearing before their rents could be increased. We disagree with the fifth amendment holding, concurring in the results reached by four circuits that have held to the contrary. People's Rights Organization v. Bethlehem Associates, 487 F.2d 1395 (3d Cir.), aff'g 356 F.Supp. 407 (E.D.Pa.1973); Langevin v. Chenango Court, Inc., 447 F.2d 296 (2d Cir. 1971); McKinney v. Wash-ington, 143 U.S.App.D.C. 4, 442 F.2d 726 (1970); Hahn v. Gottlieb, 430 F.2d 1243 (1st Cir. 1970). *See* Geneva Towers Tenants Organization v. Federated Mortgage Investors, 504 F.2d 483, 493 (9th Cir. 1974) (Hufstedler, J., dissenting).[3]

In Marshall v. Lynn, 497 F.2d 643, 647 (D.C.Cir. 1973), cert. denied, —— U. S. ——, 95 S.Ct. 235, 41 L.Ed.2d 186 (1974), the Court of Appeals for the District of Columbia Circuit held that "tenants in housing financed with Federal subsidy in the form of below-market interest rate loans have a statutory right to be heard before their rents are increased."

In response to the decision in *Marshall*, new interim HUD regulations were published in 39 Fed.Reg. 32736 (1974), providing the following procedures for tenant participation in the rental approval process (§ 401.1–4):

(1) Notification to the tenants of intent to request approval of an increase in the maximum permissible rents;

(2) An opportunity for tenants to make written comments to the mortgagor and to HUD on the proposed increase; and

(3) Notification to the tenants of the reasons for approval or disapproval after HUD has considered all the submitted material.

■ These regulations, which are an exercise of the rule-making power conferred upon HUD by Congress, embody the statutory right found to exist in Marshall v. Lynn, *supra*. HUD construed *Marshall* to require the procedures set forth in the foregoing regulations with respect to tenants in the situation presented in the case at bar. We agree with this conclusion.

The decision of the District Court is vacated. The case is remanded for further proceedings not inconsistent with this opinion.

---

3. The majority opinion in the *Geneva Towers* case held that the tenants are entitled to a limited hearing under the due process clause of the fifth amendment, affirming two district court opinions to that effect: Keller v. Kate Maremount Foundation, 365 F.Supp. 798 (N.D.Cal.1972); Geneva Towers Tenants Organization v. Federated Mortgage Investors, No. C–70 104 SAW (N.D.Cal., Jan. 3, 1972).

**404**

No costs are taxed. Each party will pay his own costs on this appeal.

McCREE, Circuit Judge (concurring separately).

I concur in the result of the majority opinion for the reasons set forth in Judge Hufstedler's dissenting opinion in Geneva Towers Tenants Organization v. Federated Mortgage Investors, 504 F.2d 483 (9th Cir. 1974). I make this separate statement in order to make explicit why I would reverse the judgment of the district court.