**TROY TOWERS TENANTS ASSOCIATION, Plaintiff,**

v.

**Robert BOTTI, etc., et al., Defendants.**

**Civ. A. No. 81–921.**

United States District Court, D. New Jersey.

July 6, 1982.

In light of the scant administrative record, however, and the limited power of the Commis-

Carl E. Ring, Union City, N. J., for plaintiff.

James F. Campise, Union City, N. J., for defendant Hudson Troy Towers Corp.

George J. Kaplan, Union City, N. J., for defendants Botti, Balsamo, and City of Union City.

Joseph J. Romano, Union City, N. J., for defendant Rent Stabilization Bd.

OPINION

CLARKSON S. FISHER, Chief Judge.

Plaintiff, the Troy Towers Tenants Association, commenced this action to challenge the constitutionality of a 1980 amendment to the Union City, New Jersey, rent-stabilization ordinance. Before the court are

sioner, such a procedure would not be effective.

cross motions for summary judgment pursuant to Fed.R.Civ.P. 56. For reasons stated herein, plaintiff's motion is granted.

In January 1980, Union City amended its rent-stabilization ordinance to permit landlords to apply for a fuel surcharge allowing them, in certain situations, to pass along to tenants a portion of an increase in fuel costs. The amendment provides that landlords may apply *ex parte* to the Rent Stabilization Board for a fuel surcharge. If a surcharge application is granted, the landlord must notify the tenants of the surcharge and may begin collecting it one month after such notification. The tenants have fifteen days from the time they receive notice of the increase to appeal the surcharge to the Union City Board of Commissioners.

In February 1981, the Rent Stabilization Board granted an application for a fuel surcharge by Hudson Troy Towers Corporation, owner and landlord of Troy Towers Apartments. Plaintiff appealed to the Board of Commissioners arguing that the amendment to the rent-control ordinance violated the due-process clause of the fourteenth amendment by failing to provide notice and a hearing prior to the granting of a surcharge. The Board of Commissioners held that it could not rule on constitutional issues; nevertheless, the Board set aside the surcharge pending a judicial determination of the constitutional question.

Plaintiff filed suit in federal district court challenging the constitutionality of the fuel-surcharge amendment. Named as defendants were Robert Botti, a member of the Board of Commissioners and the Director of the Rent Stabilization Board; Robert Balsamo, Chairman of the Rent Stabilization Board; and the Hudson Troy Towers Corporation. The district court abstained pending a determination by a state court of all underlying state-law issues. Hudson Troy Towers Corporation then filed suit in state court challenging the action of the Board of Commissioners. The state court reinstated the fuel surcharge. The tenants' association then moved in the district court to vacate the abstention order.

The motion was denied, but the Third Circuit reversed and remanded the case for consideration of the issues raised by the pleadings. Plaintiff has since joined the City of Union City and the Rent Stabilization Board as defendants in this action. Plaintiff and defendant Union City now cross move for summary judgment.

Rule 56(c) permits a summary judgment if "there is no genuine issue as to any material fact and [if] the moving party is entitled to a judgment as a matter of law." For purposes of these motions, there are no factual issues and the only legal issue presented is whether the fuel-surcharge amendment unconstitutionally deprives plaintiff's members of property without due process of law.

In analyzing whether this particular amendment violates the fourteenth amendment, the first question is "whether the asserted individual interests are encompassed within the Fourteenth Amendment's protection of 'life, liberty or property'; if protected interests are implicated, [the court] ... must then decide what procedures constitute 'due process of law.'" *Ingraham v. Wright*, 430 U.S. 651, 672, 97 S.Ct. 1401, 1413, 51 L.Ed.2d 711 (1977); *Gaballah v. Johnson*, 629 F.2d 1191, 1202 (3d Cir. 1980).

Plaintiff claims that the fuel-surcharge amendment deprives its members of property without due process of law.

> Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

Whether the tenants in this case have been deprived of a property interest protected by the fourteenth amendment depends on whether the fuel surcharge has been applied to the rent which tenants are required to pay during the term of existing

leases, or whether the fuel surcharge has been applied to new leases entered into between the tenants and the landlord. In the former situation, the fuel surcharge requires tenants to pay greater rent than they contracted for and, as such, affects a property interest of the tenants. In the latter situation, the tenants have no lease and therefore no property right. Nor can it be said that the rent-stabilization ordinance itself confers a benefit that amounts to a property interest. Since there is "a substantial doubt that a tenant in a federally assisted housing project has ... a property interest in a certain rental charge," *People's Rights Organization v. Bethlehem Associates*, 356 F.Supp. 407, 413 (E.D.Pa.), aff'd, 487 F.2d 1395 (3d Cir. 1973), it is clear that a law that does not involve the government in providing housing and simply regulates the price which private parties may agree to does not confer a benefit that amounts to a property right. Thus, in this case, plaintiff asserts a constitutionally protected property interest only insofar as the fuel surcharge granted by the Rent Stabilization Board in February 1981 increased the rent under existing leases.

Having established that, in certain situations, the fuel-surcharge amendment may affect property rights, the second inquiry concerns what process is due under these circumstances. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). Several factors must be considered:

First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

The tenants have an interest in reasonably priced housing and in being certain that any rent increases due to fuel surcharges are justified. The municipal government has an interest in seeing that landlords do not have to bear the full burden of sharp increases in the price of heating fuel and in insuring that the rent-control ordinance is administered in an equitable manner.

The Rent Stabilization Board can approve a fuel surcharge only when the landlord submits proof that his heating expenses for the twelve months immediately preceding his application are in excess of ten percent of his heating expenses for the previous twelve months. (City of Union City Ordinances, 12–10A.1). It does not appear that the tenants could contribute a great deal to this statistical determination beyond challenging the figures submitted by the landlord. This factor weighs against a requirement for a full-scale hearing. However, a balancing of all the interests involved leads to the conclusion that procedural due process requires that the tenants be given notice of the fact that their landlord has applied for a fuel surcharge and an opportunity to submit written objections to the Rent Stabilization Board before a final determination is made. There is no evidence that such a requirement would impose any undue fiscal or administrative burden on the Rent Stabilization Board or the rent-control process.

Defendants argue that the fuel-surcharge amendment already provides the tenants with fair notice and an opportunity to be heard. The amendment states that once the Rent Stabilization Board has approved a fuel surcharge, the landlord must notify all tenants of the increase at least one month prior to the effective date. (City of Union City Ordinances, 12–10A.5). A tenant may appeal the Rent Stabilization Board's decision within fifteen days to the Union City Board of Commissioners. (*Id.*, 12–13). These procedures, however, are not sufficient to satisfy the fourteenth amendment.

In *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965), the Court

held that petitioner, a natural father, was denied procedural due process when he was not given notice of a pending adoption proceeding involving his child. The fact that petitioner was subsequently afforded a hearing on his motion to set aside the adoption decree was not sufficient.

> [P]etitioner was faced on his first appearance in the courtroom with the task of overcoming an adverse decree entered by one judge, based upon a finding of non-support made by another judge.... The burdens thus placed upon the petitioner were real, not purely theoretical.... Yet these burdens would not have been imposed upon him had he been given timely notice in accord with the Constitution.

380 U.S. at 551, 85 S.Ct. at 1191.

An analogous situation is presented in this case. In the initial proceeding for an approval of a fuel surcharge, the landlord must substantiate "through credible proof in form acceptable to the rent stabilization board secretary" the need for such a surcharge. (City of Union City Ordinances, 12–10A.1). The burden is clearly on the landlord. However, on appeal to the Union City Board of Commissioners, the burden is on the tenant to show that the Rent Stabilization Board erred. This shift in the burden of proof prevents the appeal from satisfying the requirements of procedural due process. *See Huntley v. North Carolina State Board of Education*, 493 F.2d 1016, 1020 (4th Cir. 1974).

Defendant Union City's motion for summary judgment is denied. Plaintiff's motion for summary judgment is granted in that this court holds that the February 1981 fuel surcharge granted by the Rent Stabilization Board to the Hudson Troy Towers Corporation was an unconstitutional application of the fuel-surcharge amendment insofar as it increased the rent due under existing leases. Any fuel surcharge that has been applied to subsequent leases does not constitute an unconstitutional deprivation of property. Defendant Hudson Troy Towers Corporation will make the appropriate refunds of any surcharge that has been improperly collected. Plaintiff will submit an order within ten days. No costs.